UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

OSCAR REESE,

Petitioner,

v.

C. REESE, Warden,

Respondent.

Civil No. 00-2313 (ADM/SRN)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus. (Docket No. 1.) The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that this action be summarily DISMISSED WITHOUT PREJUDICE pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

Petitioner is an inmate at the Federal Medical Center in Rochester, Minnesota. According to his petition, he is serving a 78-month sentence following his conviction for being a felon in possession of a firearm. He was convicted and sentenced in 1999 in the

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

FILED OCT 20 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

U.S. District Court for the Eastern District of Michigan. Petitioner attempted to challenge his conviction in a direct appeal to the Sixth Circuit, but it appears that his appeal was summarily denied because it was untimely. It further appears that Petitioner has not sought relief from his conviction under 28 U.S.C. § 2255. (Petition, [Docket No. 3], pp. 1-2.)

Petitioner commenced the present action by filing a habeas corpus petition in the Eastern District of Michigan. That Court entered an order directing Petitioner to declare whether he wished to (a) "have his habeas petition ruled on as filed," (b) have his petition construed to be a § 2255 motion and addressed by the trial court judge, or (c) withdraw his petition. ("Notice and Order to Respond," [Docket No. 4], pp. 2-3.) Petitioner responded to that order by submitting a letter stating "I would like my case rule [sic] on as filed." (Letter dated August 25, 2000, [Docket No. 5].) The Michigan Court then construed this action to be a habeas corpus proceeding brought under 28 U.S.C. § 2241. Because such proceedings must be brought in the District where the petitioner is confined, the Michigan Court ordered that the case be transferred to the place of Petitioner's confinement, namely Minnesota. ("Order of Transfer," [Docket No. 6].)

Petitioner has listed two grounds for relief in his habeas corpus petition: (1) that his conviction was based on an "unlawful search," and (2) that federal prison authorities prevented him from pursuing a direct appeal in a timely manner. Although Petitioner has not expressly identified the relief he is seeking in this matter, it is readily apparent that he is seeking an order that would vacate his conviction and invalidate his prison sentence.

## II. DISCUSSION

It is well-settled that a federal prisoner normally can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or otherwise), unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986)(per curiam), quoting 28 U.S.C. § 2255; see also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983)(per curiam).

The instant petition clearly and directly challenges the validity of Petitioner's criminal conviction, and it is therefore subject to § 2255's exclusive remedy rule. Because Petitioner has not demonstrated (or even alleged) that the remedy provided by § 2255 is inadequate or ineffective for the claims he is seeking to raise, he is barred from raising those claims in a habeas corpus action brought under § 2241. Habeas relief is simply not available under § 2241 (or otherwise) for Petitioner's current claims.

Ordinarily, the Court would be inclined to recommend that this action be construed as a § 2255 motion, and that it be transferred to the trial court, where such a motion could properly be entertained. See 28 U.S.C. §§ 1406(a) and 1631. In this case, however, Petitioner has already expressly eschewed that option by his response to the Michigan Court's prior "Notice and Order To Respond." Therefore, the Court finds that a transfer order would not be appropriate here. Instead, it will be recommended that this action simply be dismissed on the grounds that it cannot properly be entertained in this District. See Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966) (per curiam) (upholding dismissal of § 2241 habeas petition challenging the validity of Petitioner's conviction). It will be further recommended, however, that the action be dismissed without prejudice, so that Petitioner can attempt to bring a § 2255 motion before the trial court (as part of his original criminal case), if he still wishes to challenge his conviction and/or sentence.

**III. RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's application for habeas corpus relief pursuant to 28 U.S.C. § 2241, (Docket No. 3), be DISMISSED WITHOUT PREJUDICE.

Dated: October 20, 2000

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.